### HENRY A. COOK *vs.* AARON N. JAQUES.

A matter not in terms included in a written award rendered upon an oral submission may be shown by parol evidence not to have been in fact brought to the notice of the arbitrators or considered by them. .

ACTION OF CONTRACT for labor and materials furnished in building a drain for the defendant's house in Charlestown. Answer, an oral submission to arbitrators, and this award by them : " Charlestown, May 8th 1857. We, the undersigned, referees appointed by Nelson Jaques, Jeremiah Preble and Joseph Lovett, owners of estates' on Quincy Street, and Henry A. Cook, all of Charlestown, in the matter of a drain in Quincy Street, having notified and met the parties, and heard their several allegations, proofs and arguments, and having duly considered the same, do award and determine that, inasmuch as the said drain is not of sufficient depth for the proper drainage of the cellars of said Preble and Lovett as per agreement, we therefore decide that said Cook is not entitled to any compensation from said parties."

At the trial in the court of common pleas in Middlesex at June term 1859, the plaintiff testified that he contracted with

the defendant to build a drain in Quincy Street in Charlestown for the defendant, and connect it with the houses of Jeremiah Preble and Joseph Lovett; that he did the work on the sole credit of the defendant, and did not know Preble and Lovett in the matter, and built the drain as the defendant directed; and that he only submitted to arbitration the matter of the drains connected with Preble and Lovett's houses, and not the drain connected with the defendant's house. And one of the arbitrators testified that he understood that the matter left to them, and which alone they examined, concerned the connection of the drains with Preble and Lovett's houses. The plaintiff then offered evidence that the Quincy Street drain did accommodate the defendant. But *Mellen,* C. J. excluded it, as well as certain evidence offered by the plaintiff to show a revocation of the submission; and, upon the whole evidence, ruled that th award was a bar to the action, and directed a verdict for the defendant. The plaintiff alleged exceptions.

*M. G. Cobb,* for the plaintiff.

*B. F. Butler & W. P. Webster,* for the defendant.

DEWEY, J. In the opinion of the court there must be a new trial in the present case, for the reason that the court of common pleas ruled absolutely that the award was a bar to the plaintiff's action. The submission was an oral one, and the plaintiff offered to show that he only submitted to arbitration the matter of the drains connected with the houses of Preble and Lovett. If such was in fact the submission, then the award was no bar, and this would be so irrespectively of the question of a revocation of the submission. *Exceptions sustained.*